UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                               10-CV-1059 JAP/LFG

2700 ISLETA BLVD., SW,
ALBUQUERQUE, NM 87105
More particularly described as: TR 113-B MRGCD,
Map 46 (excl w'ly port out row-Isleta SW), Cont 2.7924 AC

    Defendant

and

Luis Raul Villa, d/b/a G-Rock, LLC
Washington Mutual, formerly First Federal Bank,

    Claimants

and

Raquel Villegas,

    Claimaint-in-Intervention.

MEMORANDUM OPINION AND ORDER
GRANTING RAQUEL VILLEGAS' OPPOSED MOTION TO INTERVENE (Doc. No. 16)

        Under Fed. R. Civ. P. 24(a)(1), Raquel Villegas asks the Court to allow her to intervene in this civil forfeiture action involving a parcel of property known as 2700 Isleta Blvd., SW, Albuquerque, NM (the Property). Ms. Villegas asserts that she is entitled to intervene because she owns a 50% interest in the Property. Although Ms. Villegas has titled her motion as Raquel Villegas' Opposed Motion to Intervene (Doc. No. 16) (the Motion), neither the United States nor claimant, Washington Federal, formerly known as First Federal Bank (the Bank), nor claimant

1

Luis Raul Villa (Villa), has filed a response to the Motion. In accordance with D.N.M.L.R.7.6(a), the failure to file and serve a response in opposition to the Motion within the prescribed period constitutes consent to grant the Motion. D.N.M.L.R. 7.1(b). In addition, the Motion should be granted on its merits.

      I. Background

On November 9, 2010, the United States of America filed its Verified Complaint for Forfeiture *In Rem* (Doc. No. 1) requesting authority from this Court to seize the Property under 21 U.S.C. § 881 and to determine the validity and priority of claims to the Property.[1] The United States alleges that the Property is subject to forfeiture because the Property was used to facilitate a violation of the Controlled Substances Act.  Villa has been indicted for possession with intent to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). *United States v. Luis Raul Villa*, No. 10 CR 1925 MV/RHS, Redacted Indictment (Doc. No. 10).

---

[1] (a) Subject property
The following shall be subject to forfeiture to the United States and no property right shall exist in them:
> . . .
> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.
>
> (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

21 U.S.C. § 881(a)(6) and (7).

On December 17, 2010, the Bank filed a Verified Claim (Doc. No. 4) and on January 6, 2011, the Bank filed an Answer To Verified Complaint For Forfeiture *In Rem* (Doc. No. 6) claiming that the Bank has a mortgage lien on the Property that precedes Villa's alleged conduct that forms the basis for the forfeiture. As an innocent lien holder, the Bank asserts that it has a valid first priority lien that is superior to any forfeiture interest asserted by the United States. The Bank alleges that it is the holder of a Promissory Note dated August 28, 2008 in the amount of $248,000, which is secured by a Mortgage and an Assignment of Rents. (Bank Claim, Doc. No. 4, Exs. B-D.)

G-Rock, LLC allegedly was formed on or about March 25, 2008 by Michael Urrea. (Mot. Ex. B, Certificate of Organization from NMPRC). In her Motion, Ms. Villegas asserts that the Property is owned by G-Rock, LLC and that she is the owner of a 50% membership interest in G-Rock, LLC. In April 2008, Ms. Villegas received a letter dated April 10, 2008 assigning a tax identification number to G-Rock, LLC. (Mot. Ex. A.) Ms. Villegas attached to the Motion a proposed answer to the Complaint stating that (1) in 2008 she purchased a 50% ownership interest in the Property, (2) she has contributed funds for the purchase and upkeep of the Property, (3) the funds she contributed were not the proceeds of illegal activity, and (4) her interest in the Property is protected from forfeiture by the innocent owner defense applicable to the Federal Forfeiture Act.[2] On August 22, 2008, Villa and Ms. Villegas signed a corporate resolution allowing G-Rock, LLC to borrow $248,000 from the Bank to purchase the Property.

---

[2] In the Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 106-185, § 21, 114 Stat. 202, 225, the "innocent owner" defense, originally codified in § 881(a)(7), was codified in 18 U.S.C. § 983(d). Congress defined an "innocent owner" as one who "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A).

Ms. Villegas signed the resolution on behalf of The Raquel D. Villegas Revocable Living Trust, a member of G-Rock, LLC, and Ms. Villegas signed the resolution as a managing agent of G-Rock, LLC. (Mot. Ex. A) Ms. Villegas and Villa, as managing agents of G-Rock, LLC, executed the Promissory Note, Mortgage and Assignment of Rents evidencing the loan from the Bank.

II. Discussion

Fed. R. Civ. P. 24(a)(1) provides,

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

>    (1) is given an unconditional right to intervene by a federal statute; or
>
>    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

Under either subparagraph (a)(1) or (a)(2), Ms. Villegas may intervene in this action. Ms. Villegas has established, by uncontroverted information, that she has an interest in the property which is the subject of the Complaint. Furthermore, it is clear that neither the Plaintiff nor either of the Claimants, Villa or the Bank, are in a position to adequately represent Ms. Villegas's interests and that Ms. Villegas is so situated that disposing of the action in her absence may as a practical matter impair or impede her ability to protect her interest.

Therefore, the Motion should be granted both by reason of the deemed consent of the Plaintiff and the Claimants as well as on the merits.

IT IS ORDERED THAT:

1. Raquel Villegas' Opposed Motion to Intervene (Doc. No. 16) is granted both by reason of consent and on its merits; and

2.	The proposed Answer attached to the Motion as an exhibit will be docketed by the Clerk of the Court separately as the Answer of Raquel Villegas, Claimant-in-Intervention, to the Complaint.

_____
SENIOR UNITED STATES DISTRICT JUDGE